UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CONSUELO CANALES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-72 |
| | § | |
| JB HUNT TRANSPORT, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

On March 17, 2011, the Court held a phone conference in the above-styled action, during which Plaintiff raised an oral motion to remand. For the reasons discussed below, the Court grants this motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District, Duval County, Texas, where it was originally filed and assigned Cause Number DC-10-204.

I.   **Factual and Procedural Background**

Plaintiffs Consuelo Canales and Jose Raul Canales filed this cause of action in state court on August 30, 2010. This action arises from an accident between a car driven by Plaintiffs and a truck driven by Defendant Darrell Deshard Atkins and owned by Defendant JB Hunt Transport, Inc. ("Hunt"). Bradfords Motor Cars ("Bradfords") is alleged to be liable for defective repairs to the air bag in Plaintiffs' car, which failed to deploy during the accident, further injuring Ms. Canales. (D.E. 1-3 at 4.) Plaintiffs state claims against Bradfords under Chapter 82 of the Texas Civil Practice and Remedies Code, as well as claims for "negligence and negligence per se." (D.E. 1-3 at 4-5.)

Hunt and Atkins were served on September 2, 2010 (D.E. 1-4 at 3, 6), and Bradfords was served on September 15, 2010 (D.E. 1-25). Hunt and Atkins removed this

action to this Court on March 16, 2011. (D.E. 1.) Although Defendants state that Bradfords is a Texas citizen (as are Plaintiffs), they claim that Bradfords was improperly joined and thus does not destroy diversity. (D.E. 1 at 2.)

II.   **Discussion**

    A.   **General Removal Principles**

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

    B.   **Timeliness of Removal**

Title 28 U.S.C. § 1446 sets out a thirty day time limit for removal. 28 U.S.C. § 1446(b). "The Fifth Circuit has been quite clear that in cases of improper joinder, the 30 day time period begins to run from the time the improper joinder is discovered." Frisby v. Lumbermens Mut. Cas. Co., 2007 WL 2300331, at *2 (S.D. Tex. 2007) (citing Baden

v. Nabisco, 224 F.3d 382, 390 n. 13 (5th Cir. 2000)).  Thus, the defendant has thirty days to remove the case to federal court from when "the fraudulent joinder could first be ascertained."  Delaney v. Viking Freight, Inc., 41 F. Supp. 2d 672, 674 (E.D. Tex. 1999); see also Harrod v. Zenon, 2003 WL 21748687, at *5 (E.D. La. 2003) (emphasis added) ("[I]n removal cases involving fraudulent joinder claims, the period for timely removal commences when the defendant can first ascertain that a party has been fraudulently joined.").

Here, although Defendants contend that removal is timely (D.E. 1 at 11), they provide little argument to support this position, in light of the fact that removal occurred more than six months after service.  Essentially, Defendants contend that Bradfords was improperly joined because Plaintiffs state a claim against it under Chapter 82 of the Texas Civil Practice and Remedies Code, and this section applies solely to manufacturers, not subsequent sellers or those who perform repairs. (D.E. 1 at 6-7 (citing Tex. Civ. Prac. & Rem. Code § 82.001 et seq.).)[1]  Defendants further claim that they only discovered the improper joinder on February 16, 2011, when they were "advised that the accident vehicle was no longer available for inspection," and in fact had been exported out of the country.  (D.E. 1 at 6.)  Because the vehicle was no longer available, they argue, Plaintiffs cannot sustain an action (under Chapter 82 or for negligence) against Bradfords as there would be no physical evidence to use at trial. (D.E. 1 at 8-9.)

---

[1] Chapter 82 "governs a manufacturer's indemnity obligations arising from a 'products liability action.'" Fresh Coat, Inc. v. K-2, Inc., 318 S.W.3d 893, 896 (Tex. 2010).  Relevant here, Section 82.002(a) provides, "[a] manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable." Tex. Civ. Prac. & Rem. Code § 82.002(a)

The Court concludes that removal here is untimely.  As noted above, for "removal cases involving fraudulent joinder claims, the period for timely removal commences when the defendant can **first ascertain** that a party has been fraudulently joined." Harrod, 2003 WL 21748687, at *5 (emphasis added).  Here, Defendants admit in their notice of removal that "Plaintiffs' own **pleadings** establish that Bradfords did not sell the vehicle to Plaintiffs.  Bradfords merely conducted repairs on the vehicle.  **Since Bradfords did not sell the subject vehicle to Plaintiffs, Bradfords cannot be liable in the capacity of a manufacturer as alleged**."  (D.E. 1 at 7 (emphasis added).)  They also state that "**Plaintiffs' pleadings reveal Plaintiffs' intent to defeat diversity jurisdiction by naming Bradfords** instead of the vehicle or air bag manufacturer," and "the true reasons for Plaintiffs' attempt to place any liability for the alleged air bag failure at the door of Bradfords, instead of the manufacturer, is obvious.  Without Bradfords, diversity jurisdiction exists."  (D.E. 1 at 7 (emphasis added).)  Thus, the possibility of fraudulent joinder was first ascertainable from the original petition, served upon Defendants in September 2010.  While subsequent actions by Plaintiffs may have made the possibility of fraudulent joinder more apparent, it was ascertainable at the time the original petition was filed and served, more than six months prior to removal.  Removal is now untimely.

### C.    Fraudulent Joinder

In addition to untimeliness, the Court also rejects Defendants' fraudulent joinder argument.  A district court may disregard a defendant's citizenship if a defendant is fraudulently joined in the action. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-573 (5th Cir. 2004). The burden is on the removing party "to prove that the joinder of the in-state parties was improper — that is, to show that sham defendants were added

to defeat jurisdiction." Id. at 575.  "[T]he burden of proving fraudulent joinder is a heavy one." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004).  "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914).

The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (internal citations and quotation marks omitted).  Defendants here rely upon the second of these possibilities.

To determine if Plaintiff has established a cause of action against the non-diverse party, the court must "evaluate all factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997).  The court must also "examine relevant state law and resolve all uncertainties in favor of the non-removing party." Id.  After weighing the factual allegations and legal uncertainties in favor of the plaintiff, the court may find fraudulent joinder only if "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Smallwood, 385 F.3d at 573.

To determine if Bradfords was fraudulently joined, the Court must evaluate Plaintiff's claims to see if there is any possibility of success against Bradfords under Texas law.  Smallwood, 385 F.3d at 573.  In the original petition, Plaintiffs state claims

under Chapter 82 of the Texas Civil Practice and Remedies Code, as well as claims for negligence and negligence per se. (D.E. 1-3 at 5.)

Putting aside the claims under Chapter 82, which need not be resolved for purposes of this Order, the Court rejects Defendants' argument with respect to Plaintiffs' negligence cause of action. Under Texas law, a negligence claim requires proof of the following three elements: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from that breach. See D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002). "Proof of acts constituting negligence may be made by circumstantial evidence." Allen v. Knippa, 552 S.W.2d 528, 529 (Tex. App. – Corpus Christi, 1977); see also, e.g., Alza Corp. v. Thompson, 2010 WL 1254610, at *26 (Tex. App. – Corpus Christi, 2010) ("It is well settled . . . that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence.") (citing Lynch v. Ricketts, 314 S.W.2d 273, 275-76 (Tex. 1958)).

Defendants have failed to demonstrate that Plaintiffs cannot possibly make out a negligence claim against Bradfords. They contend that Plaintiffs' negligence claims cannot succeed solely because the Plaintiffs "fail[ed] to preserve the accident vehicle." (D.E. 1 at 8.) As noted above, fraudulent joinder may be found only if "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Smallwood, 385 F.3d at 573. Defendants, however, have merely demonstrated that Plaintiffs' case may be weak, not that there is "no possibility of recovery." At the hearing, Plaintiffs claimed that they had photographs, testimony from both Plaintiffs and Bradfords, and other relevant evidence. The mere possibility that Plaintiffs' claims against Bradfords may ultimately not succeed is insufficient for

fraudulent joinder purposes. Defendants have thus failed to meet their burden. Smallwood, 385 F.3d at 573.

### III. Conclusion

For the reasons stated above, the Court hereby GRANTS Plaintiffs' oral motion to remand and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District, Duval County, Texas, where it was originally filed and assigned Cause Number DC-10-204.

SIGNED and ORDERED this 18th day of March, 2011.

_____
Janis Graham Jack
United States District Judge